IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| DEVIN BRAMHALL, | ) |
| | ) |
| Plaintiff | ) 2:22-CV-01328-RJC-CBB |
| | ) |
| vs. | ) ROBERT J. COLVILLE |
| | ) United States District Judge |
| CHARLES DELSANDRO, | ) |
| CORRECTIONAL OFFICER I; et al., | ) CHRISTOPHER B. BROWN |
| | ) United States Magistrate Judge |
| Defendants | ) |

**MEMORANDUM ORDER**
**ON MOTIONS ECF NOS. 57, 58, 62, 66, 67**

I.   Introduction

Presently before the Court are the following five motions filed by Plaintiff, Devin Bramhall:

1. Motion for extension of time to complete discovery (ECF No. 57);
2. Motion to compel discovery (ECF No. 58);
3. Motion for sanctions (ECF No. 62); and
4. Motions for sanctions, in duplicate (ECF Nos. 66, 67).

Corrections Defendants[1] have filed an omnibus response to the motion for extension of time and motion to compel discovery (ECF No. 63). Defendants filed a

---

[1]   Defendants include: Charles Delasandro (C/O Delasandro); Logue ("Sgt. Logue"); Poska ("Lt. Poska"); Pletcher ("C/O Pletcher"); Albright ("C/O Albright"); Minor ("C/O Minor"); Charles Scoles ("C/O Scoles"); Halkias ("C/O Halkias"); T. Fisher ("Lt. Fisher"); Elizabeth Rudzienski ("Hearing Examiner Rudzienski"); J. Dongilli ("Lt. Dongilli"); D.Scherer ("C/O Scherer"); and Kevin Doran ("C/O Doran") (collectively "Corrections Defendants").

1

separate response to the original motion for sanctions (ECF No. 65), but have not filed any further response to Plaintiff's additional two motions for sanctions.

Upon review of all motions and responses thereto, the Court enters the following Order as to each:

Plaintiff's motion for extension of time to complete discovery at ECF No. 57 is unopposed and is therefore GRANTED. Discovery is extended to **August 22, 2024.**

Plaintiff's motion to compel discovery at ECF No. 58 is GRANTED IN PART and DENIED IN PART.

Plaintiff's three motions for sanctions at ECF Nos. 62, 66, 67 are DENIED WITHOUT PREJUDICE.[2]

What follows is the only matter which requires further clarity, namely this Court's Order as to Plaintiff's motion to compel discovery at ECF No. 58.

## II. Legal Standard

The general framework for determining the scope of allowable discovery for cases in federal courts is controlled by Federal Rule of Civil Procedure 26(b), which provides as follows:

**(b) Discovery Scope and Limits.**

---

[2] Bramhall asks this Court to impose sanctions on Corrections Defendants for failing to preserve and disclose the video footage, which Corrections Defendants deny exists. Bramhall's motion is denied without prejudice to reassert following the Corrections Defendants' submission of the Notice outlined in this Memorandum Order.

**(1) Scope in General.**  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2) Limitations on Frequency and Extent**.

>   (A) *When permitted*.  By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
>
>   (B) *Specific Limitations on Electronically Stored Information*. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
>
>   (C) *When required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>>   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained

3

> from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b).

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501. The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly. All relevant material is discoverable unless an applicable evidentiary privilege is asserted. *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). When there is no doubt about relevance, a court should tend toward permitting discovery. *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)).

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 34(b)(2); *Momah v.*

*Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *Id.* (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. *Momah*, 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. *Id.* (citing *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

Fed. R. Civ. P. 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Option One Mortg. Corp.*

5

*v. Fitzgerald*, No. 3:07-CV-1877, 2009 WL 648986, at *2 (M.D. Pa. Mar. 11, 2009). With these principles in mind, the Court will review Bramhall's motion to compel.

### III. Discussion

Bramhall is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). He has sued several DOC officials and employees all of whom worked at State Correctional Institution ("SCI") Fayette during the relevant time. Bramhall alleges that Corrections Defendants violated his rights under the First, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

After the Court ruled on the Corrections Defendants' motion to dismiss, the following claims remain in this case: (1) an Eighth Amendment cruel and unusual punishment claim against C/O Delasandro and Sgt. Logue for using Oleosresin Capsicum spray ("OC spray"); (2) an Eighth Amendment cruel and unusual punishment claim against Lt. Poska, C/Os Pletcher, Albright, Minor, Scoles and Doran for physical and sexual assault; (3) a First Amendment retaliation claim against Lt. Fisher for issuing a retaliatory misconduct; (4) a Fourteenth Amendment procedural due process claim against Lt. Fisher and Hearing Examiner Rudzienski (4) a Fourteenth Amendment procedural due process claim against C/O Halkias and Lt. Dongilli for destroying Bramhall's personal property; and (5) a First Amendment access to courts/legal mail claim against C/O Scherer and Lt. Dongilli for not delivering Bramhall's legal mail and threatening Bramhall with bodily harm to withdraw his grievance related to his legal mail. *See* Compl. (ECF No. 8) at pp.

11-12; Report and Recommendation, 11/15/2023 (ECF No. 44), adopted by Order, 12/11/2023 (ECF No. 45).

The time to file any motions pursuant to Fed. R. Civ. P. 37 was May 20, 2024. The pending discovery motion was timely filed by Bramhall on May 15, 2024. In it, Bramhall seeks to compel responses to several discovery request that Corrections Defendants objected to. Each request subject of the motion to compel is addressed below.

### A. Property Receipt form (DC-135M)

First, Bramhall seeks a property receipt detailing what was removed from his cell before he was transferred to the Restricted Housing Unit ("RHU"). Corrections Defendants respond that they located a second form dated June 27, 2021 signed by C/O Halkias with a notation that "inmate refused to sign" and indicated they will produce a copy of this document to Plaintiff. Accordingly, this request is denied as moot.

### B. Lt. Dongilli's investigative reports and statements

Bramhall seeks all investigative reports and statements made by C/O Scherer and another inmate, Quintez Talley, to Lt. Dongilli while Lt. Dongilli was investigating Bramhall's allegations that C/O Scherer delivered legal mail addressed to Bramhall to Talley and directed Talley to harass Bramhall. Corrections Defendants maintain that no such reports or statements exist.

When a party seeks discovery that does not exist, the court should exercise its discretionary power to deny a motion to compel such discovery. *Bailey v. Jurnak*,

No. 3:18-CV-01437, 2021 WL 12143066, at *3 (M.D. Pa. June 28, 2021). In making the representation to the Court that no such reports or statements exist, counsel for Corrections Defendants certifies pursuant to Fed. R. Civ. P. 11(b)(3) that to the best of their knowledge, information and belief, this contention has factual support that the materials sought do not exist. "When discovery requests seek material that does not exist, there is nothing to compel." *Kokinda v. Pennsylvania Dep't of Corr.*, No. 2:16-CV-0005, 2018 WL 1035261 at *3 (W.D. Pa. Feb. 23, 2018). Corrections Defendants' representation that no such discovery exists is accepted by the Court, however, counsel is reminded of their continued obligation to supplement discovery responses if they uncover further responsive materials in their possession. Fed. R. Civ. P. 26(e). Accordingly, Corrections Defendants' objections are sustained, and Bramhall's motion to compel is denied in this respect.

### C. Corrections Defendants' full employment history

Bramhall seeks the full employment history for all Corrections Defendants, including "prior reports of incidents of misconduct, physical and/or sexual abuse or any violations of DOC policy, state or federal law, and any sanctions imposed. Bramhall argues this information is relevant to show a pattern of misconduct and to establish the Corrections Defendants' history of misconduct and character. (ECF No. 58 at 4).

Corrections Defendants respond that this request is overly broad, burdensome, disproportionate to the needs of the case, not relevant, confidential and consists of inadmissible pattern and character evidence.

8

Bramhall's request is not relevant to any claim or defense in this matter. Evidence regarding a pattern of misconduct would only be relevant for a claim asserted under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which is not present here. Therefore, Bramhall has not met the threshold requirement of showing that the requested discovery is relevant, and Corrections Defendants' objection is sustained, and Bramhall's motion to compel is denied in this respect.

### D. Colored photographs

Bramhall seeks Corrections Defendants to produce color copies of all photographs previously produced by Corrections Defendants in black and white format. Bramhall maintains that the third-party vendor who controls inmate mail does not copy mail in color and that a color copy of these photographs is necessary because it "depicts the injuries that [Bramhall] sustained to his face and arms as a result of the Defendants[] assaulting him." ECF No. 58 at 5. Bramhall claims it is more difficult to observe the severity of his injuries in the black-and-white format.

Corrections Defendants respond that they do not have any control over the third-party vendor and how they deliver inmate mail. Alternatively, Corrections Defendants argue that Bramhall's argument is premature because Bramhall argues that he seeks color copies for use at trial and it is not certain that this case will proceed to trial.

Corrections Defendants' objections are overruled in part. Should this case proceed to trial, the Court will enter an Order for Corrections Defendants to

produce all copies of the photographs previously produced in a colored format to adequately depict Bramhall's alleged injuries.

### E. Photograph snapshots from video previously produced

Bramhall seeks Corrections Defendants to produce specific snapshots from a video previously produced to him. He claims he does not have the video in his possession and is unable to view the video again.

Corrections Defendants respond that they are not in possession of any photographs responsive to this request, the only relevant evidence in their possession is the video and they are not obligated to produce additional evidence not in existence.

Corrections Defendants' objections are sustained in part and overruled in part. As set forth above, Corrections Defendants are not obligated to produce evidence that does not exist or create evidence for Bramhall. To the extent that Bramhall is not able to view the video footage, Corrections Defendants shall attempt to resolve this issue with SCI Albion. Should this case proceed to trial, the parties may stipulate to enter the video into evidence or Court will entertain a motion to enter the video into evidence.

### F. Video footage

Lastly, Bramhall seeks Corrections Defendants to produce video footage of specific dates and times depicting different locations in SCI Fayette that purportedly captured the physical and sexual assault and the destruction of his personal property. Specifically, Bramhall seeks video of:

10

1. The dayroom area of Cellblock "H" on December 3, 2020 between 1830 and 1855 hours;
2. The sallyport area of Cellblock "H" on December 3, 2020 between 1830 and 1855 hours;
3. All video footage from the walkway between Cellblock "H" and the Medical Department, including those outside the "Concrete Yard" areas of Cellblocks "E", "F", "G" and "H", outside of the control station outside the areas of Cellblocks "E", "F", "G" and "H", the "Zone 4" walkway and the walkway from the "Zone 4 gate" to the entrance of the Medical Department on December 3, 2020 between 1830 and 1855 hours;
4. Any camera footage in the Medical Department, including those from the entrance, hallways, inside the trauma or triage rooms labeled 3.186 and 1.186, inside the room in which Bramhall was assessed or escorted at any time on December 3, 2020 between 1840 and 1905 hours;
5. Any camera footage in the walkway between the entrance of the Medical Department to the Restricted Housing Unit ("RHU"), including but not limited to the "Receiving and Discharge" ("R&D") area, the R&D hallway, the exit of the R&D hallway and the walkway from the R&D to the entrance of the RHU on December 3, 2020 between 1850 and 1910 hours;
6. Any camera footage in the RHU Cellblock "J" including the entrance door, the intake cage, dayroom area of Section "D" of the RHU on December 3, 2020 between 1900 and 1930 hours;
7. Any camera footage inside of cell JD7 where Bramhall was housed on December 3, 2020 between 1900 and 2359 hours;
8. Any camera footage of the RHU property room on December 5, 2020 between 1400 and 1600 hours, and specifically the time that Bramhall was present therein; and
9. Any camera footage of the dayroom area of Section "A" of the RHU on May 16, 2021 and May 23, 2021 limited to those hours of 1400 and 2000 hours on those days.

Corrections Defendants respond that this request is overbroad, unduly burdensome, outside the scope of the claims in this lawsuit and that they are only in possession of the video in association with EOR 2020-FAY-00219 on December 3, 2020 involving Bramhall and that Corrections Defendants produced this video to

11

Bramhall on February 16, 2024. They argue that "the Court did not order Plaintiff's Complaint to be served upon Corrections Defendants until January 2023, more than two years after all the videos but one were allegedly created. It is unreasonable to expect the Department of Corrections to indefinitely preserve all security videos from all vantage points indefinitely. Corrections Defendants have complied with their obligations to preserve relevant evidence and there has been no spoliation." (ECF No. 63 at 3-4).

As stated, the Court cannot compel the production of evidence that does not exist. Corrections Defendants represent to this Court that no such video footage exists and implies that while it may have existed at one point, because of the passage of time, it no longer does. Notwithstanding, Corrections Defendants shall file a Notice within twenty-one (21) days of this Order attesting to DOC policies regarding the retention and preservation of security videos, the steps taken to verify that the requested videos do not exist and identify the names and job titles of DOC officials with whom the request was lodged. Thereafter, Bramhall may reassert any grounds to compel production of the requested video footage, if any, based upon Corrections Defendants response. *See accord Sanchez v. Silbaugh*, No. CV 20-1005, 2022 WL 16950426, at *3 (W.D. Pa. Nov. 15, 2022), *appeal dismissed*, No. 22-3421, 2023 WL 4231743 (3d Cir. Mar. 2, 2023). Accordingly, the motion to compel is denied without prejudice in this respect.

SO ORDERED this 1st day of August, 2024.

                        BY THE COURT:

                        s/Christopher B. Brown
                        CHRISTOPHER B. BROWN
                        UNITED STATES MAGISTRATE JUDGE

cc:    DEVIN BRAMHALL
      NT8011
      SCI ALBION
      10745 ROUTE 18
      ALBION, PA 16475-0001

      Counsel of record *via electronic filing*