**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEVIN BRAMHALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-1328 |
| | ) | |
| vs. | ) | District Judge Robert J. Colville |
| | ) | |
| CHARLES DELSANDRO, et al., | ) | Magistrate Judge Christopher B. Brown |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**ORDER OF COURT**</u>

Before the Court is the Honorable Christopher B. Brown's August 4, 2025 Report and Recommendation (ECF No. 121). Judge Brown's Report and Recommendation recommends that the Motion for Summary Judgment (ECF No. 91) filed by Plaintiff Devin Bramhall be denied. It further recommends that the Motion for Summary Judgment (ECF No. 96) filed by Defendants Dongilli, Poska, Logue, Scherer, Albright, Delsandro, Pletcher, Halkias, Rudzienski, Fisher, Doran, Minor, and Scoles be granted in part and denied in part. Judge Brown's Report and Recommendation specifically recommends that the Court grant Defendants' Motion for Summary Judgment as to: (1) Plaintiff's Fourteenth Amendment due process claim for the deprivation and destruction of personal property; and (2) Plaintiff's First Amendment and Fourteenth Amendment access to courts claim. ECF No. 121 at 2. The Report and Recommendation recommends that Defendants' Motion for Summary Judgment be denied in all other respects, which would result in the following claims surviving at this stage of the proceedings:

  1. Plaintiff's Eighth Amendment excessive force claim against C/O Delsandro and Sgt. Logue for using OC spray;

    2.   Plaintiff's Eighth Amendment excessive force claim against Lt. Poska, and C/Os Albright, Pletcher, Scoles, Doran, and Minor for physical and sexual assault;

    3.  Plaintiff's First Amendment retaliation claim and Fourteenth Amendment due process claim against Lt. Fisher and Hearing Examiner Rudzienski for issuing a retaliatory misconduct related disciplinary hearing; and

    4.  Plaintiff's First Amendment retaliation claim against C/Os Scherer and Dongilli for mail tampering.

*Id.* at 3. Defendants have not filed objections to the Report and Recommendation. Plaintiff filed Objections (ECF Nos. 126 and 127) to the Report and Recommendation on August 26, 2025. In addition to challenging Judge Brown's recommendation respecting the pending Motions for Judgment, Plaintiff also objects (ECF Nos. 122 and 123) to Judge Brown's denial of his Motion for Sanctions (ECF No. 114) via Order at ECF No. 120. Following a stay in this matter, Defendants filed a response (ECF No. 129) to Plaintiff's Objections. This matter is ripe for disposition.

    "The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id.* "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'"  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon consideration of Judge Brown's Report and Recommendation, the relevant motions and docket entries, and Plaintiff's Objections, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Brown's Report and Recommendation, and the Court accepts and adopts Judge Brown's Report and Recommendation in its entirety as the opinion of the Court with respect to the pending Motions for Summary Judgment.  The Court further agrees with Judge Brown's reasoning supporting the

denial of Plaintiff's Motion for Sanctions.  Plaintiff's Objections are overruled.  Again, the Court agrees with Judge Brown's analysis and conclusions, which are set forth at length in his Report and Recommendation.    It is hereby further ORDERED that Plaintiff's Motion for Summary Judgment is denied.  His appeal of Judge Brown's decision on his Motion for Sanctions is denied. Defendants' Motion for Summary Judgment is granted in part and denied in part.  Defendants' Motion is denied as to the following claims:

> 1) Plaintiff's Eighth Amendment excessive force claim against C/O Delsandro and Sgt. Logue for using OC spray;
>
> 2) Plaintiff's Eighth Amendment excessive force claim against Lt. Poska, and C/Os Albright, Pletcher, Scoles, Doran, and Minor for physical and sexual assault;
>
> 3) Plaintiff's First Amendment retaliation claim and Fourteenth Amendment due process claim against Lt. Fisher and Hearing Examiner Rudzienski for issuing a retaliatory misconduct related disciplinary hearing; and
>
> 4) Plaintiff's First Amendment retaliation claim against C/Os Scherer and Dongilli for mail tampering.

Their Motion is granted as to Plaintiff's other claims against them, and judgment is entered in their favor as to those claims.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 22, 2026

cc:
Counsel of Record

Devin Bramhall
NT8011
SCI SMITHFIELD
1120 Pike Street
Huntingdon, PA 16652